UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH CARROLL,

    Plaintiff,

                                    Case No. 12-13862

v.

                                    Hon. John Corbett O'Meara

LINDA READ,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

    Before the court is Defendant's motion for summary judgment, filed July 3, 2013. Plaintiff filed a response on July 23, 2013, and a supplemental exhibit on August 15, 2013.

**BACKGROUND FACTS**

    Plaintiff Keith Carroll and his wife, Tamika Carroll, rented a home in Hazel Park, Michigan, from Defendant Linda Read beginning in May 2010. Plaintiff contends that they began having electrical problems in the home's computer room in October 2010. Plaintiff states that he contacted the property manager, Dave Southern, about a power outage in that room. Southern sent someone out to address the problem. According to Plaintiff, however, they suffered another power outage in the computer room in August 2011. Defendant again sent out a

repairman to fix the problem. Plaintiff states that the power again went out in the computer room in December 2011, and Dave Southern addressed the problem himself. See Pl.'s Dep. at 65-69, 77-78, 82-84. Mrs. Carroll states that they experienced "multiple occurrences of furnace power loss, maintenance issues, and power surges/loss in the computer room," about which she informed Southern and Read. Affidavit of Tamika Carroll at ¶ 3-4.[1]

On January 18, 2012, Mrs. Carroll entered the computer room, turned on the light switch, and saw that the light bulbs went out. When Plaintiff attempted to change the bulbs, he was electrocuted and fell from the ladder on which he was standing. Mrs. Carroll called 911; EMS treated Plaintiff for burns and administered an EKG. Plaintiff later saw his physician regarding his injuries, including reported pain in his neck, shoulder, and back. After Plaintiff told Defendant about the accident, Defendant installed a new breaker box as well as a new light fixture and electrical outlets in the computer room.

## LAW AND ANALYSIS

Plaintiff filed this negligence action against Defendant in state court; it was

---

[1] Defendant objects to the court's consideration of Mrs. Carroll's affidavit. The court will overrule those objections, provided that Defendant has the opportunity to depose Mrs. Carroll prior to trial. Moreover, Plaintiff's testimony creates a sufficient question of fact to preclude summary judgment even if Mrs. Carroll's affidavit is not considered for purposes of this motion.

removed to federal court based upon diversity jurisdiction. To state a negligence claim under Michigan law, a plaintiff must demonstrate a (1) duty; (2) breach; (3) proximate cause; and (4) damages. Plaintiff contends that Defendant breached her duty by failing to warn or protect her tenants from a dangerous condition. Generally, in a premises liability action, a plaintiff must show that the defendant knew or should have known that an unsafe condition existed. A landlord is "under a duty to repair all defects of which he knew or should have known," either as a result of tenant complaints or a casual inspection of the premises. Raatikka v. Jones, 81 Mich. App. 428, 430-31 (1978).

Defendant argues that there is no evidence that (1) Plaintiff's accident occurred; (2) the fixture or wiring was defective; or (3) Defendant had notice of any such defect.[2] Viewing the evidence in the light most favorable to Plaintiff, however, a genuine issue of fact exists that precludes summary judgment. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Plaintiff and his wife testified that the accident occurred and Plaintiff sought medical treatment. Plaintiff experienced several power outages limited to the computer room where he was electrocuted. Plaintiff and his wife testified that they

---

[2] Defendant points out that the accident occurred while the parties were in the midst of eviction proceedings. This is relevant to Plaintiff's credibility, which is not weighed by the court on a motion for summary judgment.

complained to Defendant several times about these problems, and each time the problem was temporarily resolved by Defendant. From these facts, a reasonable jury could find that Plaintiff's accident occurred, the wiring in the computer room was defective, and that Defendant knew or should have known of the defect.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Date:  August 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 28, 2013, using the ECF system.

s/William Barkholz<br>
Case Manager